## WHITNEY TRUST & SAV. BANK v. BARBARICH.

### No. 14743.

Court of Appeal of Louisiana. Orleans.

Nov. 13, 1933.

Delvaille H. Theard, of New Orleans, for relator.

Pomes & McCabe and Ed. Froeba, all of New Orleans, for respondent.

HIGGINS, Judge.

This matter comes before the court on a petition for a writ of prohibition. Plaintiff sued defendant on a promissory note. Defendant filed an exception to the plaintiff's capacity to bring the suit and, reserving the benefit of the exception, answered admitting that there was an outstanding note signed by the respondent, but averring that she did not know if the note referred to in the petition was the note she signed.

On the trial of the case the plaintiff offered the note and other evidence to prove the allegations of the petition. Defendant, although represented by counsel, did not offer any evidence tending to support the exception or defense contained in the answer.

The trial court gave judgment for the plaintiff, as prayed for, and the defendant appealed suspensively, furnishing a bond.

Upon a proper rule taken by the plaintiff to test the qualifications of the surety, the trial court found that the surety did not possess sufficient assets over and above liabilities to sign the suspensive appeal bond and ordered the defendant to produce a good and solvent surety, in default of which the appeal would be dismissed. The defendant then applied to this court for a writ of prohibition and on August 9, 1933, an alternative writ was issued forbidding the trial judge to proceed further in the matter.

On October 25, 1933, the case was called before this court for trial on the merits. Counsel for plaintiff was present and insisted on the case being tried, waiving plaintiff's right to claim that the appeal was not properly taken. Counsel for defendant was absent and made no request either through any communication or in open court for a continuance. The case was properly posted, and, upon the insistence of plaintiff's counsel that the case be tried, proper evidence sustaining the allegations of the petition was adduced and the judgment affirmed.

The only purpose of the writ of prohibition was to prevent the trial judge from depriving the defendant of her alleged right to be heard on the appeal. When the plaintiff waived its right to further question the sufficiency of the surety on the bond and conceded the right of the defendant to be heard on appeal, the question presented by the petition for the writ of prohibition became a moot one. Therefore, there is now nothing before the court in this proceeding.

For the reasons assigned the alternative writ of prohibition is now recalled and vacated, and the petition of the relator is dismissed, at her cost.

Writ of prohibition recalled; petition of relator dismissed.